**LOUNDY, Plaintiff-Appellee, v. McSHANE, Defendant-Appellant.**

Ohio Appeals, Seventh District, Columbiana County.

No. 719. Decided November 29, 1954.

Tobin & Tobin, East Liverpool, for plaintiff-appellee.
Harry Brokaw, East Liverpool, for defendant-appellant.

## OPINION

Per CURIAM.

In an action brought in the Common Pleas Court of Columbiana County by Max Loundy against Ray McShane, defendant, that court appointed a receiver for the assets of Ray McShane operating a liquor establishment under a permit.

Subsequently an order was issued by the Common Pleas Court to the receiver to sell all of the property comprising the business of McShane. Sale was had and confirmed. There is no property right in a liquor license.

In confirming the sale of all the assets of that business the court directed the receiver to transfer all licenses to the purchaser upon obtaining permission and consent of the Ohio Liquor Control Board. There never was an attempted sale of the permits.

No motion has ever been filed to set aside the sale of any property ordered by the court. McShane apparently retained in his possession the permit identification cards that had formerly been delivered to him by the Department of Liquor Control. These identification cards he refused to turn over to the receiver. Whereupon the receiver filed his motion for an order of the court requiring McShane to turn over to him the permit identification cards which McShane had in his possession.

The defendant countered with the following motion:—

"Now comes the defendant, Ray McShane, and moves the court to rescind the order of sale, sale and confirmation of sale in the above caption, **so far as the liquor permits are concerned** and to order turned over to the defendant said liquor permits. * * *." (Emphasis supplied.)

It is apparent that there has never been a sale of the liquor permits or the identification cards by the receiver under any order of court.

It necessarily follows that the court of common pleas properly overruled McShane's motion to set aside the sale of the liquor permits, no such sale having been made.

A motion has been filed by the receiver to dismiss the appeal taken from the order of the common pleas court refusing to set aside the sale of the liquor permits.

Since no sale was had of such there is no order to appeal from, and the motion of the receiver to dismiss the appeal must be and is sustained.

GRIFFITH, PJ, PHILLIPS and NICHOLS, JJ, concur.